850 So.2d 497 (2003)
FLORIDA BOARD OF BAR EXAMINERS re O.C.M.
No. SC02-2195.
Supreme Court of Florida.
June 26, 2003.
Richard A. Greenberg, Tallahassee, FL, for Petitioner.
Michael J. Keane, Chair, Eleanor Mitchell Hunter, Executive Director, and Thomas A. Pobjecky, General Counsel, Tallahassee, FL, for Florida Board of Bar Examiners, Respondent.
PER CURIAM.
Petitioner O.C.M. asks this Court to review the recommendations of the Florida Board of Bar Examiners (Board). We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons expressed below, we approve the Board's recommendation that O.C.M. not be admitted to The Florida Bar at this time and that he be disqualified from reapplying for admission for three years.
*498 On April 28, 2000, O.C.M. executed an application for admission to The Florida Bar. The Board's background investigation revealed certain matters concerning O.C.M.'s character and fitness. On October 5, 2001, formal specifications were served upon O.C.M.
Specification 1 alleged that O.C.M. altered letters of recommendation written for him by two attorneys at a law firm at which O.C.M. had been employed to falsely reflect that he had been employed as a paralegal rather than a runner/messenger, and that he submitted the altered letters to various law schools to which he was applying for admission. Specification 2 alleged that O.C.M. falsely stated on an application for admission to the School of Law at Southern Illinois University at Carbondale that he had been employed for six months as a full-time paralegal with the law firm. Specification 3 alleged that on his application for admission to the University of Orlando School of Law (now Barry University School of Law), O.C.M. improperly failed to disclose his attendance at two schools and failed to disclose five prior jobs, including his employment with the law firm. Specification 3 also alleged that in a letter to the dean of Barry University School of Law to correct the inaccuracies in his original application, O.C.M. admitted altering the letters of recommendation, but falsely claimed that he had changed only one word. Specification 4 alleged that on his application for admission to The Florida Bar, O.C.M. provided a similar false and misleading explanation of his alteration of the letters of recommendation. Specification 5 alleged that at his investigative hearing on July 14, 2001, O.C.M. gave a false or misleading explanation of his alteration of the letters of recommendation in that he again claimed he changed just one word on the letters, but then later admitted that he changed more than one word and had, in fact, completely retyped the body of the letters. Specification 5 also alleged that O.C.M. gave testimony which was false, misleading or lacking in candor at his investigative hearing in that he falsely claimed that the reason for the omissions in the employment history on his application for admission to Barry University was that he had copied that history from an application he had previously submitted to an agency of the State of Florida. The specification alleged that this explanation was false because the employment history listed on the agency application was not the same as that listed on the Barry University application. Specification 6 alleged that on a 1995 State of Florida Employment Application, O.C.M. improperly failed to disclose his attendance at two colleges and failed to disclose four prior jobs.
After a formal hearing, the Board found that all of the specifications had been proven and were disqualifying for admission to the bar. The Board also found that O.C.M. displayed a continuing lack of candor during his formal hearing testimony. Based on this finding and the proven allegations of Specifications 4 and 5 dealing with O.C.M.'s lack of candor on his bar application and in his investigative hearing testimony, the Board concluded that O.C.M. had made material misrepresentations or false statements in the bar application process; thus, pursuant to rule 3-23.6(d) of the Rules of the Supreme Court Relating to Admissions to the Bar, the Board recommended that O.C.M. be disqualified from reapplying for admission for three years.
O.C.M. does not dispute any of the Board's factual findings or its recommendation that he not be admitted to the bar at this time. He challenges only the Board's recommendation that he be disqualified *499 from reapplying for admission for three years.
The Rules of the Supreme Court Relating to Admissions to the Bar provide for a standard two-year period following denial of admission during which an applicant may not reapply. See Fla. Bar Admiss. R. 2-13.5. Rule 3-23.6(d), however, permits the Board, within its discretion, to recommend an extended disqualification period in cases involving material misrepresentations in the application process. Here, the Board found that on his bar application, O.C.M. gave a false and misleading explanation of his conduct concerning the falsified recommendation letters and that he testified falsely as to this incident at both his investigative and formal hearings. Specifically, the Board found that O.C.M. testified falsely at his investigative hearing when he claimed that he changed only one word of the letters. The Board also rejected as unworthy of belief O.C.M.'s testimony at his formal hearing that despite the fact that the letters had clearly been completely retyped and changed in numerous ways, he only remembered changing one word.
O.C.M. does not challenge the factual basis for the Board's recommendation;[1] rather, he argues that the conduct is not serious enough to warrant a three-year disqualification. We disagree. Any material omission or misrepresentation made in the application process for admission to The Florida Bar is a serious matter. Here, O.C.M. engaged in a pattern of dishonesty and half-truths in attempting to explain a very serious instance of misconduct on his partthe falsification of letters of recommendation which he then submitted as part of his application for admission to various law schools. Such a lack of candor by an applicant seeking admission to The Florida Bar is intolerable. O.C.M.'s conduct clearly falls within rule 3-23.6(d), and the Board was justified in recommending an extended disqualification period.
Accordingly, we approve the Board's recommendation that O.C.M. be denied admission to The Florida Bar at this time. Further, in light of O.C.M.'s material misrepresentations in the bar admission process, we approve the Board's recommendation that O.C.M. be disqualified from reapplying for admission for three years.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
NOTES
[1] To the extent that O.C.M. takes issue with the Board's rejection of his formal hearing testimony as unworthy of belief, this is a question of credibilitya question upon which we defer to the Board. See Fla. Bd. of Bar Exam'rs re R.L.W., 793 So.2d 918, 923 (Fla.2001) (stating that the Court usually defers to the Board's findings on a witness's credibility because the Board has had the opportunity to observe the witness during testimony).